# In the United States Court of Federal Claims

DR. REBECCA GALLOGLY,

        Plaintiff,

v.

THE UNITED STATES OF AMERICA

U.S. ATTORNEY'S OFFICE, WESTERN
   DISTRICT OF TEXAS - AUSTIN

THE TEXAS STATE BAR

THE DEPARTMENT OF HEALTH AND
   HUMAN SERVICES

THE U.S. DEPARTMENT OF
   EDUCATION'S OFFICE FOR
   CIVIL RIGHTS

THE UNIVERSITY OF TEXAS SYSTEM

THE UNIVERSITY OF TEXAS AT AUSTIN

THE UNIVERSITY OF TEXAS
   POLICE DEPARTMENT,

        Defendants.

Case No. _____

Judge _____

## MOTION FOR RELIEF

TO THE HONORABLE MEMBERS OF THE FEDERAL CLAIMS COURT:

Comes now, Dr. Rebecca Gallogly, Plaintiff in the above-styled case, and respectfully submits this Motion for Relief as advised by Lisa L. Reyes, Clerk of Court. As such, Dr. Gallogly shows the following:

RECEIVED - USCFC

OCT 2 1 2019

## I.    STATEMENT OF QUESTIONS PRESENTED

Dr. Gallogly was and remains indigent and cannot afford to print and mail her initial complaint to The United States Court of Federal Claims (CFC). Therefore, in January and February 2019, Dr. Gallogly had three conversations with members of its Clerk of Court, wherein it was asserted there was no mechanism alternative to paper filing for *pro se*, non-attorney indigent litigants, and with the suggestion that Dr. Gallogly send a courtesy compact disk copy of her complaint along with the required paper copy during one conversation.

Then, Dr. Gallogly discovered the following rule in the *Rules of the United States Court of Federal Claims (RCFC)* Rule 5(d)(4):

> Serving and Filing Pleadings and Other Papers. *Acceptance by the Clerk.* The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.

As a result, on March 15, 2019 Dr. Gallogly sent a USB drive to CFC containing an initial complaint and ancillary motions she wished to have docketed in the court.

On April 3, 2019, Staff Attorney Meg Beardsley with the CFC's Office of the Clerk of Court returned Dr. Gallogly's USB drive to her, having opened and examined the files on it, naming some files in her accompanying letter, and providing no reason other than form for not accepting the case files on USB drive, thereby ignoring *RCFC* Rule 5(d)(4) and engaging in abuse of process **See Exhibit A.**

In May 2019, Dr. Gallogly filed a Petition for Writ of Mandamus with the United States Court of Appeals for the Federal Circuit (CAFC), requesting CAFC to compel CFC to docket the electronic files on the USB drive Dr. Gallogly sent. At the same time, by recommendation of the CAFC, Dr. Gallogly served a copy of the Petition to Chief Judge Margaret Sweeney of CFC. Dr. Gallogly included with the Petition, the USB drive Ms. Beardsley had previously returned to Dr. Gallogly, containing Dr. Gallogly's case files, along with a cover letter, sent by Certified Mail,

2

Tracking Number 70180360000074242037, received by an individual in Chief Judge Sweeney's office on May 15, 2019. The Petition for Writ of Mandamus was docketed by CAFC on or around July 18, 2019, #19-121 and denied, with details surrounding the issue explicated in Dr. Gallogly's September 9, 2019 letter to CFC. **See Exhibit B.**

Dr. Gallogly most recently received a letter from Clerk of Court Lisa Reyes of CFC dated September 26, 2019. **See Exhibit C.** In her letter, Clerk Reyes denied Dr. Gallogly's request to electronically file and raised vague "IT security" concerns as her reason, yet failed to address with specificity the arguments Dr. Gallogly made about such concerns in Exhibit B. This here motion is pursuant to the recommendation made by Clerk Reyes in Exhibit C, i.e., that Dr. Gallogly write a Motion for Relief, that will then be docketed in CFC and reviewed by a judge.

## II.    ARGUMENT

Because Exhibit C raises multiple concerns regarding this Motion for Relief and issues related thereto, Dr. Gallogly will address the main points made by Clerk Reyes in Exhibit C.

**Denial of Electronic Filing Privileges Due to IT Security Reasons**

This problem was never mentioned in any of Dr. Gallogly's conversations with the Office of the Clerk of Court prior to sending her USB drive for filing in March 2019. Indeed, the CFC Clerk of Court asked for a courtesy copy on compact disk. There is no real difference in IT security risk between a USB drive and a compact disk. Additionally, Ms. Beardsley raised no such concern in Exhibit A. This concern (1) was only raised *de novo* by Mr. Wymbs in the Office of the Clerk of Court during a phone conversation as late as July 2019 and thereafter; (2) was raised in a manner that possessed an argumentative tone toward Dr. Gallogly with a good deal of interruption; (3) sounded as though Mr. Wymbs was simply fishing *post hoc* for reasons why a CFC Staff Attorney would violate *RCFC*; and, for these reasons came across as resoundingly pretextual. Mr. Wymbs stated he was not an attorney and as such, Dr. Gallogly

could not rely on his word. **<u>See Exhibit B.</u>** Yet, without further articulation, it appears that Clerk Reyes is parroting Mr. Wymbs' pretextual IT security concerns in Exhibit C, while simultaneously countering his belief that Dr. Gallogly is unable to submit a motion to CFC without a case number.

In the July 2019 conversation, Mr. Wymbs seemed to be coming from the standpoint of general security concerns for all *pro se* non-attorney indigent litigants filing with the court. Clerk Reyes' claim is too general to ascertain whether her concern is general or specific to Dr. Gallogly's USB drive and files. As noted in her cover letter with the initial submission of the USB drive of interest, Dr. Gallogly hard formatted the drive before moving files onto it, going out of her way to attempt to send secure files to the CFC. If the CFC has definitively detected cybersecurity or other tech security concerns related to Dr. Gallogly's USB drive specifically, then it is the obligation of the CFC to inform Dr. Gallogly of such security concerns so that she has an authoritative statement to provide enforcement authorities in the pursuance of redress for her cyber-victimization. If the CFC has other cybersecurity or tech security concerns related to Dr. Gallogly specifically, e.g., about filing through PACER, again, it is the obligation of the CFC to notify Dr. Gallogly of the nature of these concerns so she may notify PACER of any problems and seek redress through an enforcement agency.

On the other hand, in the event Clerk Reyes' IT security concern is general, Dr. Gallogly addressed this issue in Exhibit B, last paragraph of p. 3 and beyond. In Exhibit C, Clerk Reyes failed to answer this argument of Dr. Gallogly's in Exhibit B, in Exhibit C. To further elucidate Dr. Gallogly's argument, it is common understanding that people with power in adversarial matters are at heightened risk for cybersecurity crimes. This ought to be a first assumption by any court. As such, attorneys are at heightened risk for being cybersecurity targets involving all sorts of crime, particularly related to their work with courts. Presumably, PACER is designed to

proactively prevent and control such concerns, and if it is not, it needs to be. Further, Clerk Reyes also failed to answer why CAFC in the same building permits *pro se* non-attorney litigants to send pleadings to an email address, and why CFC does not have a similar mechanism for affording such litigants procedural due process.

As a side note relevant to this subsection, Dr. Gallogly recently discovered that she has a newly established link avenue – new within approximately the last two months -- for filing with CFC via PACER, through her established PACER account. It is concerning to Dr. Gallogly that the Office of the Clerk of CFC and / or PACER personnel, or some other entity, appear/s to be attempting to entrap Dr. Gallogly into having her PACER filing privileges revoked by providing her the opportunity to electronically file via PACER, without yet providing her express permission to do so.

In sum, Dr. Gallogly avers that IT security risks for Dr. Gallogly's electronic filing with CFC are no different from any other litigant, be they an attorney or not. Due to Dr. Gallogly's indigence, permittance to her of electronic filing privileges for her initial complaint, ancillary motions, and all other pleadings is necessary to afford her due process, access to the courts, and equal measures of both compared with litigants who possess the financial ability to retain an attorney. Dr. Gallogly cannot afford to print her initial complaint and ancillary motions, or send it through postal mail to CFC. As such, it is the obligation of the CFC to facilitate some mode of secure affordable filing for Dr. Gallogly, just as it would for any other litigant or attorney.

**Court Possession of Dr. Gallogly's USB Drive**

As noted above and in Exhibit B, Dr. Gallogly resent the USB drive of note with her case documents to be docketed, along with a cover letter, and the serving of her Petition for Writ of Mandamus, sent by Certified Mail, Tracking Number 70180360000074242037. The Certified Mail package was received by an individual in Chief Judge Sweeney's office on May 15, 2019.

5

Clerk Reyes erroneously characterized the USB drive as no longer being in the possession of the CFC because Ms. Beardsley mailed it back to Dr. Gallogly in April 2019. To the contrary, the USB drive is still in the possession of the CFC, because Dr. Gallogly resent the USB drive to the CFC in May 2019.

**The Matter of Recordings of Calls Between Dr. Gallogly and the Clerk's Office**

In Exhibit C, Clerk Reyes states the following: "By order of Chief Judge Margaret M. Sweeney, electronic recordings of Clerk's Office staff are prohibited absent express permission." First, there is no actual order provided Dr. Gallogly stating as much, leading Dr. Gallogly to suspect that Clerk Reyes has taken it upon herself or has been advised by somebody in the Office of the Clerk of Court to speak on behalf of Chief Judge Sweeney. This, of course, is in the event that the letter from Clerk Reyes is actually from Clerk Reyes, which is left open to question based on the fact that the letterhead differs from that used in Exhibit A by Ms. Beardsley.

The CFC Office of the Clerk of Court abused process to Dr. Gallogly's detriment multiple times, calling into question Clerk Reyes' or her signatory's motives in attempting to conceal evidence of said abuse with such a comment. In contrast to this nebulously verifiable "order", it is federally lawful pursuant to 18 USC § 25112(3)(d) for Dr. Gallogly to record conversations:

> Interception and disclosure of wire, oral, or electronic communications prohibited...2(3)(d) **It shall not be unlawful under this chapter** for a person not acting under color of law to intercept a wire, oral, or electronic communication **where such person is a party to the communication** or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

All the conversations Dr. Gallogly has recorded and will continue to record, have been those in which she was a party, and have had the purpose of upholding her constitutional right to due process. Under no circumstances have any recordings made by Dr. Gallogly, been made with the purpose of committing a criminal or tortious act in violation of any laws. Unless and until there

6

is a legal order prohibiting Dr. Gallogly's recordings, along with a legally viable explanation for why so doing is forbidden, Dr. Gallogly will continue to record conversations with the CFC.

## III.    CONCLUSIONS AND RELIEF SOUGHT

Dr. Gallogly shows the court that she is in the lowest income bracket in the nation. Despite having subsidized housing, Dr. Gallogly still periodically fears homelessness, which is extremely stressful. Dr. Gallogly's financial problems are directly associated with the harms befallen her as outlined in the initial complaint for this case, and she avers without granting of this motion, she will not be afforded her right to due process.

In order to afford Dr. Gallogly her procedural due process given her indigence, Dr. Gallogly seeks the relief of (1) having the CFC docket her initial complaint and ancillary motions on the USB drive in possession of Chief Judge Sweeney's chambers; and (2) having court permission to submit all any and all papers she deems necessary through her established PACER account, via which she has successfully submitted several papers to the Fifth Circuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully seeks the aforementioned relief and for any further relief in connection therewith that is proper.

SIGNED October 5, 2019

_____
Signature of Plaintiff
**Dr. Rebecca H. Gallogly**
**2301 Durwood Street, Suite 3408**
**b3ccahunt@gmail.com**
**Austin, TX 78704**
**512-663-4396**

# United States Court of Federal Claims

HOWARD T. MARKEY NATIONAL COURTS BUILDING
7 1 7 MADISON PLACE, NW
WASHINGTON, DC  20439

**Office of the Clerk of Court**
(202) 357-6406

April 3, 2019

Dr. Rebecca H. Gallogly
2301 Durwood Street, Suite 3408
Austin, TX 78704

Dear Dr. Gallogly,

The Clerk's Office recently received a USB drive from you "containing [an] initial complaint" and six "ancillary motions" to the Court, including a Motion for Interim Monetary Relief, an Application to Proceed *In Forma Pauperis*, a Motion to Appoint Counsel, a Motion to Extend Time, a Motion to Electronically File, and a Motion to Seal. The USB drive was accompanied by a letter requesting permission from the Clerk of Court to file these documents electronically and exceed the court's file size limitations due to financial hardship.

Please be advised that the Clerk's Office cannot accept your submission electronically. See Rule 5.5 of Rules of the United States Court of Federal Claims (requiring that *pro se* plaintiffs file a complaint, and two copies of same, in paper form). However, if you still wish to file suit in our court, you may resubmit your materials in paper format. After a complaint is filed, you may petition the assigned judge for leave to file electronic and/or overlength pleadings.

We are returning your USB, and its contents, unfiled.

Sincerely,

*Mis Beardsley*
Staff Attorney

(Beardsley)

**EXHIBIT A**

# DR. REBECCA H. GALLOGLY

September 9, 2019

LISA REYES, CLERK OF COURT
UNITED STATES COURT OF FEDERAL CLAIMS
HOWARD T. MARKEY NATIONAL COURTS BUILDING
717 MADISON PLACE, NW
WASHINGTON, DC 20439

To the Honorable Clerk Reyes,

I am writing to request your reconsideration to file my case in your court, at the suggestion of Mr. Wymbs in your office, and another gentleman named Patrick with whom I spoke when I dialed the number for Chief Judge Margaret Sweeney's chambers about this matter.

I began engaging your Office of the Clerk of Court with questions about filing my case through some electronic means as a non-attorney *pro se* litigant in or around February 2019. The initial complaint itself is 290 pages long, not including several lengthy ancillary motions. There is no way I can afford to print out the initial complaint and mail it to your court. I have been in the lowest income bracket in the nation for some years now. My AGI has hovered at around $3,000.00 for the last three years. I had a Motion to File *In Forma Pauperis* granted by federal district court within the last year and then also by the Federal Circuit within the last couple of months.

I had approximately three conversations about electronic filing with members of your Clerk of Court in and around January and February 2019. All conversations conveyed the fact that I could not file the initial complaint electronically as a *pro se* litigant. During two conversations, your office assured me there was no length limitation for initial complaints. During one conversation, your office encouraged to submit a courtesy copy on CD as outlined in *Federal Rules of Civil Procedure (FRCP)*, but I still had to produce paper copies via postal mail. It was repeatedly communicated to me by people in your office that there was no way around submitting paper copies of my initial complaint.

As a result, I submitted my first Petition for Writ of Mandamus to the Federal Circuit, to compel your court to file my case. On February 19, 2019, the Federal Circuit sent me a letter confirming receipt of my petition on February 14, stating they were unable to proceed with opening my petition because I did not include a copy of any order, opinion, or other record materials denying my request to file electronically with your court.

Then, I discovered *FRCP* Rule 5(d)(4), which is adopted as a *United States Court of Federal Claims (RCFC)* rule of the same number. As such, both *FRCP* and *RCFC* Rule 5(d)(4) state: "Serving and Filing Pleadings and Other Papers. *Acceptance by the Clerk.* The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." With this new information, I felt relieved that I could finally submit my case

EXHIBIT B

2301 Durwood Street, Suite 3408, Austin, TX 78704 • 512-663-4396 • b3ccahunt@gmail.com

through electronic means. I called my local Office Depot, and they said it would cost $45.00 to generate a CD of my case, which is cost-prohibitive for me. I do not have a car, so hunting for a place that will give me an affordable CD reproduction of my case was not something I can reasonably do. Therefore, I instead found an old USB drive I owned, hard formatted it to maximize electronic safety and security, and transferred my case files to the drive. I sent the USB drive to your court for filing with a cover letter explaining the matter, noting my extreme poverty, and including *FRCP* Rule 5(d)(4) on March 15, 2019.

On April 3, 2019, Meg Beardsley, Staff Attorney for your court, sent me a letter indicating she had opened and viewed the contents of the USB drive I sent to your court, naming folders and files I had not named anywhere other than on the USB drive (i.e., not in my cover letter). Nevertheless, she ignored my mention of *FRCP* Rule 5(d)(4), stated I could not file the initial complaint in a manner other than paper, denied my request that the case be filed, and provided no reason other than form (electronic USB) for denial. Therefore, Ms. Beardsley violated *FRCP* Rule 5(d)(4), and because it is synonymous with *RCFC* Rule 5(d)(4), she violated that rule also. Ms. Beardsley sent the USB drive with my case files back to me with her denial letter.

Having April 2019 record materials indicating a denial to file my case pursuant to *FRCP* Rule 5(d)(4), I submitted a second Petition for Writ of Mandamus to the Federal Circuit in May 2019, asking them to compel your court to file my case. Pursuant to *Federal Rules of Appellate Procedure (FRAP)* and advice from the Federal Circuit's Clerk of Court, I sent a copy of the petition to Chief Judge Margaret Sweeney in your court. I included the USB drive containing case files with the petition to Chief Judge Sweeney in the hope that my case would now be docketed by her, or at her request to your office.

On July 18, 2019, the Federal Circuit entered an order for my second Petition for Writ of Mandamus, assigning it Case No. 2019-121, approving the Motion to File *In Forma Pauperis* sent with it, and denying the petition. Among other things, the denial stated, "...Dr. Gallogly has an alternative avenue of asking the Claims Court itself to reconsider the action of the Clerk and to offer a more suitable means of electronic filing."

On July 26, 2019, I called your office to inquire about the Federal Circuit's suggestion that I ask your office to reconsider filing my case. Having some experience writing pleadings in the Fifth Circuit for another case, I was familiar with the Motion to Reconsider. However, I was not sure whether I might be able to write a motion for a case that is not yet filed. I spoke with Mr. Wymbs in your office at length regarding this matter, <u>with the goals of (1) understanding whether I can file a motion in your court if I do not yet have a case number, (2) seeking an alternative way to have the case filed electronically, and (3) exhausting all avenues for electronic case filing with your court pursuant to the Federal Circuit's equivocation regarding the appropriateness of mandamus relief.</u>

Regarding whether I can write a motion for your court without a case number, Mr. Wymbs prefaced his answer stating that he is not a lawyer, thereby inferring that he could not guarantee his answer to me is correct. Mr. Wymbs did so during two recorded conversations. This is not an acceptable answer for procedural due process from a Clerk of Court. <u>I need an unequivocal answer for this question</u>, or else I will be required to go back and forth *ad infinitum* on procedure alone, getting equivocal answers from your Clerk of Court, and then having the

PACER. I have previous programming experience, and doubt that all lawyers have the same. It is probable that I am more tech savvy than some lawyers. It is probable that there are some non-lawyer *pro se* litigants who are more tech savvy than some lawyers. Therefore, the assumption that all lawyer's documents are going to be more secure than all non-lawyer's, is a fallacious one. With this deliberation on the matter, Mr. Wymbs' security argument does not withstand logical scrutiny, nor does it give adequate or reasonable answer to impoverished non-lawyer litigants' equal and inexpensive access to the courts and their right to procedural due process. Given that other courts in your same building have negotiated a means for providing such access for some pleadings, it is both appropriate and legally binding for your court to provide the same opportunity in whatever format is reasonable for the indigent non-attorney *pro se* litigant. Notably, *FRAP* does not include a rule equivalent to *RCFC* Rule 5(d)(4), which may lend reason for the Federal Circuit's extra provision of an email address for some pleadings. This makes it all the more important for your court to follow *RCFC* Rule 5(d)(4), especially in light also that you do not have the same broad rules suspension provision that circuit courts do for maximizing procedural due process affordances for all people in this nation.

I sent my USB drive with my case documents to your court with service of my second Petition for Writ of Mandamus, and I never received it back. Therefore, your court still has it. I am bolding and underlining the following because they are the actionable concerns I wish you to address. It is my hope that emphasizing the text will allow you to revisit these items without rereading all four pages of this letter. **Please accept this letter as a formal request for you to reconsider filing the copies of my suit you currently have in your office, or in Chief Judge Sweeney's chambers, on USB drive. Please notify me whether I can submit the case through emailed Google Drive links, and if so to what email address. Please inform me unequivocally whether I may write motions to your court without having a case number, so that I may decide whether to choose among the first two options, or a third option of writing a motion for seeking electronic filing privileges. I do have a PACER account already, with the username "mongolianswamprat", and prior experience filing several pleadings with the United States Fifth Circuit Court of Appeals. If you are willing and able to grant me efiling privileges without me submitting an efiling motion, please notify me of this opportunity and / or granting. Finally, if you could, please notify me in writing about whether or not all of these options are available, and if they are not available, why not.**

Thank you.

Sincerely,

Dr. Rebecca H. Gallogly

Federal Circuit repeatedly deny my mandamus request because the procedural information I obtain from your court is incorrect or incomplete. So doing will violate *RCFC* Rule 1: "Scope and Purpose. These rules govern the procedure in the United States Court of Federal Claims in all suits. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Mr. Wymbs gave me only two avenues for me to file my complaint, and I made sure to ask him during our recorded conversation if these were my only two avenues, to which he replied, yes – so as to affirm exhaustion of mechanisms prior to possibly having to re-engage my Federal Circuit mandamus petition. **The two avenues Mr. Wymbs provided me were (1) I could rewrite a shorter version of my complaint, or (2) I could write you Claims Court a letter requesting reconsideration for filing my case as is on USB drive. The purpose of this letter is to pursue the latter form of relief.**

**There are two reasons I will not revise my complaint, and why it is not reasonable for me to do so.** First and foremost, the case poses a question about federal rules involving time extension for 28 U.S.C. § 2501, a code for which there is recent deliberation, equivocation, and encouragement therefor. In fact, Professor Gregory Sisk promulgated a relevant memo regarding the matter as recently as 2016. This memo is posted on your website at https://www.uscfc.uscourts.gov/sites/default/files/Sisk-Tucker-Act-Statute-Limitations-Reform.pdf. As such, the matter is tricky, complex, ambiguous, vague, and also ripe for review. Because of the ambiguous and precipice-like nature of the time extension issue as it applies to 28 U.S.C. § 2501, my procedural due process rights may very well be threatened if all existing information for the suit is not provided in its entirety. My due process could hinge on that matter, or on fraudulent concealment elements of my case, which are long and involved.

Second, I experienced chronic stress that compelled me to write my own lawsuit in the first place. Then, I experienced the additional chronic stress that comes with writing my own lawsuit as a non-lawyer and repeatedly revisiting personal and aversive case facts, while learning the law and employing my analytic tools to fashion good arguments. I have another related complex Section 1983 suit that has been batted around in district and then circuit court for over a year now, with resounding abuse of process. As such, I've continued to experience more stress – from experiencing the case facts themselves of the other suit, writing the other suit and reliving said experiences, and then experiencing more than a year's worth of abuse of process from court proceedings involving it. Then there is also my chronic stress from extreme poverty, which continues to result from facts from both suits. My right to work limitations impose isolation stress, which is further exacerbated by my poverty-related travel restrictions. I am overwrought with stress, and cannot continue to have added stressors in my life. It is adversely affecting my physical health. I need my cases to move forward toward relief, with counsel appointment, to relieve me of this overwhelming chronic stress, which peaked significantly this summer.

Also of import is the issue of electronic means. In inquiring about why my suit was not filed, Mr. Wymbs provided me with the reason of security concerns, stating that The United States Court of Federal Claims cannot be certain whether there are viruses on electronic media sent to the court by litigants. In contrast, the United States Court of Appeals for the Federal Circuit allows non-lawyer *pro se* litigants to send pleadings to an email address. The *RCFC* requests courtesy copies of longer pleadings from *pro se* litigants on CD. Attorneys file electronic pleadings through

# United States Court of Federal Claims

717 MADISON PLACE, NW
WASHINGTON, DC 20439

OFFICE OF THE CLERK OF COURT
(202) 357-6406

September 26, 2019

Dr. Rebecca Gallogly
2301 Durwood Street, Suite 3408
Austin, TX 78704

Re: **Your Request for Permission to File Electronically**

Dear Dr. Gallogly:

On September 16, 2019, the United States Court of Federal Claims received a letter from you in which you seek reconsideration of the Clerk's Office's denial of your request to file a complaint in electronic form. Alternatively, you request that the Clerk's Office provide you with procedural guidance regarding how to file a motion outside the context of a pending case. In your letter, you cite language from the Federal Circuit's recent order denying your petition for writ of mandamus, to wit: "Dr. Gallogly has an alternative avenue of asking the Claims Court itself to reconsider the action of the Clerk and to offer a more suitable means of electronic filing."

For IT security reasons, I decline to reconsider the denial of your request to file your complaint electronically. You may, however, file a motion for relief from this decision before the United States Court of Federal Claims. Any such motion, which must be filed on paper, will be given a docket number and assigned to a judge. Please note that your motion must be accompanied by a $47.00 filing fee or a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1926, *Fee Schedule*, ¶ 10.

According to your letter, you believe that the Court is still in possession of the USB drive you submitted earlier this year. Please be advised that the Court is not in possession of the drive, which was returned to you as an attachment to the letter mailed to you on April 3, 2019.

Finally: you state that you have taken recordings of phone calls between yourself and an employee of the Clerk's Office. By order of Chief Judge Margaret M. Sweeney, electronic recordings of Clerk's Office staff are prohibited absent express permission.

If you have any questions, please contact the Clerk's Office at (202) 357-6406.

Sincerely,

Lisa L. Reyes
Clerk of Court

Enclosures (1)

EXHIBIT C

Gallogly
2301 Durwood St.
#3408
Austin, TX 78704



Office of the Clerk of Court
U.S. Court of Federal Claims
717 Madison Place, NW
Washington, DC 20439

RECEIVED
OCT 21 2019
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS